JOSEPH COSTELLO, by Guardian, Appellant, *v.* JUNIUS JUDSON, Respondent.

*Liability of a master to a servant injured by dangerous machinery—duty of the master where the servant is a minor—master is not bound to give instructions to warn the servant against an evident and obvious danger—when instructions given by the master to the person in charge of the machinery may be proved.*

APPEAL from a judgment in favor of the defendant, entered on the verdict of a jury.

The action was brought by a minor, by his·guardian, to recover damages for injuries received by the minor, while in the employment of the defendant in a machine shop, and while ascending an elevator therein. The complaint alleged that the defendant negligently, carelessly and improperly exposed the plaintiff to danger from dangerous machinery, and negligently omitted to guard dangerous machinery, and negligently and carelessly employed unskillful, incompetent and improper persons to attend such machinery, and negligently and carelessly omitted to give the plaintiff notice of the danger, or instructions to protect himself from injury. It appeared that the plaintiff, a boy of fourteen years of age, who was employed to carry·water in the building for the use of the defendant's employees, while ascending in an elevator, attached thereto, projected his foot beyond the elevator floor, so that it was caught under the arch of one of the doors opening into the said elevator, and so injured that amputation at the ancle was necessary. · The elevator in question was for the purpose of raising and lowering freight to the various stories of the manufactory, and ran in a square brick tower which inclosed it on three sides. The fourth side ran immediately in front of a series of doors, opening into the elevator well, one in each story ; over each door was an arch, and over each arch was a sill flush with the building. When the plaintiff was employed the defendant's overseer told him : " Your business is to carry water. You can carry it up the stairs or on the elevator, but if you go on the elevator you must be careful and not fool on it." The answer in the case contained a general denial, and an allegation of contributory negligence on the part of the plaintiff. The plaintiff had been in this employment some four days before the accident, and during that time had apparently been in the habit of using the elevator in conveying the water in pails up to the place where it was used. On the occasion of the ascension when the accident occurred, he was not carrying water, and it did not clearly appear why he ascended the elevator at that time.

The court, at General Term, said : " The first exception presented for consideration is on a refusal to charge as·requested. The de-

fendant's counsel requested the court to charge ' that if the elevator was dangerous for a boy of the age of the plaintiff, it was the duty of the defendant to point out the particular dangers.' The court declined to vary the charge as given. The charge as given was in these words. The trial judge, after calling the attention of the jury to the facts and explaining the principles of law applicable to the case, had said, amongst other things : ' All these several elements necessary to a recovery must be considered in the light of the fact that the plaintiff was a boy of fourteen years of age. I have said that it is necessary that you should find that he was injured while exercising all due care for his own safety. Due care depends on the circumstances. The most important of these circumstances is the circumstance of his own age and degree of experience, so that the question will be, in the first place, if you find that the elevator was safe for a man of mature age, of sound judgment and competent experience, what was required, if anything, to make it safe for a youth of the age of fourteen ? You will see that the elevator might have been perfectly safe for a man of judgment and experience, and yet unsafe for the use of a boy of a certain age and degree of inexperience, . . . and was there negligence on the part of the defendant, acting through those who were charged with the duty in that respect, to do that which was necessary to render the elevator safe for the use of this lad ? if so, then so far the plaintiff would be entitled to a verdict.' This part of the charge was in effect leaving it to the jury to say whether the instructions given by the defendant's overseer to the plaintiff were sufficient to caution him in regard to the care to be used while ascending or descending in the elevator. And this, we think, was a proper disposition of that question, or one at least of which the plaintiff cannot complain. The danger of injury which would obviously result from allowing one of his feet to project beyond the platform of the elevator in its ascension would, we think, be obvious to a youth of the age of fourteen, of ordinary capacity, which it appears the plaintiff was proved to be of. And it cannot be that it is the duty of the master to give his employee any express and particular instruction to guard against such dangers as are evidently obvious, or in the language of the request, ' to point out the particular dangers.' At all

events the jury were competent to judge whether the instructions given to the plaintiff were sufficient to caution him against such exposure of any of his limbs. (*Haycroft* v. *Lake Shore R. R. Co.*, 2 Hun., 489; affirmed 64 N. Y., 636; *Thurber* v. *Harlem, &c. R. R. Co.*, 60 N. Y., 326; *Sullivan* v. *India Manuf. Co.*, 113 Mass., 396; Shearman & R. on Negligence, §§ 49, 50.)

"The next exception to which attention is called is that the defendant was allowed to prove the instructions given to the boy who ran the elevator, it not having been proved that the plaintiff was cognizant of such instructions. The competency of the boy who ran the elevator was one of the issues in the case, and upon that ground the instructions relating to the manner in which the duty was to be discharged, given him by the defendant, or his overseer, were competent on the question of the defendant's liability for negligence. The objection was general, no attention being called to any view of the case which made the evidence incompetent."

*J. C. Cochrane*, for the appellant.

*Satterlee & Yeoman*, for the respondents.

Opinion by TALCOTT, P. J.

Present, TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed.